IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY FREE )<br>  )<br>   Plaintiff, )<br>v. )<br> )<br> )   No. 2:20-cv-2638-JTF-atc<br>FLOYD BONNER, )<br> )<br>   Defendant. ) | |

ORDER MODIFYNG THE DOCKET,
DISMISSING THE COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
AND GRANTING LEAVE TO AMEND

Before the Court is the *pro se* complaint filed under 42 U.S.C. § 1983 on August 20, 2020 by Plaintiff Jeffrey Free, who is incarcerated at Shelby County Criminal Justice Center (SCCJC) in Memphis, Tennessee. (ECF No. 1.) After the Court dismissed the case on December 2, 2020 for Plaintiff's failure to file a signed *in forma pauperis* affidavit or submit the filing fee (*see* ECF Nos. 5 & 6), Plaintiff moved on January 6, 2021 to re-open the case. (ECF No. 7.) At that time, he provided his prison trust account information. (ECF No. 7-1.) On March 26, 2021, the Court re-opened the case. (ECF No. 8.) On April 6, 2021, the Court granted Free leave to proceed *in forma pauperis*. (ECF No. 9.)

Free's § 1983 complaint arises from his confinement at SCCJC during the ongoing COVID-19 pandemic. (ECF No. 1.) He sues as Defendants: (1) Shelby County Sheriff Floyd Bonner; and (2) "ect al. [sic]." (*Id*. at PageID 1 & 2.) The Clerk shall modify the docket to add (1) Shelby County and (2) Jail Administration as Defendants.

Free seeks: $500 in compensatory damages for filing fees and over-the-counter medicine; (2) $495,500 in punitive damages; and (3) appointment of counsel. (*Id*. at PageID 3.)

## I.     FACTUAL BACKGROUND

According to the July 13, 2020 SCCJC grievance form appended to Free's § 1983 complaint, Plaintiff contracted COVID-19 while confined in SCCJC at some point in July 2020. (ECF No. 1-1 at PageID 5.)  That same month, Free grieved his coronavirus contraction, his inability to socially distance at SCCJC, and his lack of access to face masks, hand sanitizer, and "antibiotic soap." (*Id.*)  Free contends that COVID-19 risks were so "obvious" that "we might well infer" that "Sheriff Bonner and Jail administration" had "actual knowledge" of coronavirus risks. (*Id.* at PageID 4.)  Since Defendants "failed to act" to remedy "unsafe conditions," Free contracted COVID-19. (*Id.*; ECF No. 1 at PageID 2.)[1]  Plaintiff alleges violation of the Eighth Amendment's proscription against cruel and unusual punishment. (ECF No. 1 at PageID 2; *see also* ECF No. 1-1 at PageID 5.)

## II.    LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff appends to his § 1983 complaint the "Declaration of Dr. Jamie Meyer." (ECF No. 1-2 at PageID 6-23.)  The document purports to be an expert witness report by Dr. Meyer in another lawsuit. (ECF No. 1 at PageID 8–10.)  Several plaintiffs in other cases in this District have also appended Dr. Meyer's Declaration to § 1983 complaints about SCCJC's COVID-19 measures. *See Thompson v. Bonner*, No. 20-2658-JTF-atc, 2021 WL 1865265, at *1 n.1 (W.D. Tenn. May 10, 2021); *Wylie v. Bonner*, No. 20-2593-TLP-tmp, 2021 WL 261280, at *1 n. 3 (W.D. Tenn. Jan. 26, 2021).

Given that Free has neither (1) proffered Dr. Meyer as a witness in this case nor (2) submitted Dr. Meyer's Declaration under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, the Court does not make any determinations herein based upon the Meyer Declaration. *See also id.* (accord).

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In addition, Federal Rule of Civil Procedure 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, p*ro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has

3

not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.     REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Plaintiff sues under 42 U.S.C. § 1983.  To state a claim under that statute, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For his claims to succeed, Plaintiff must satisfy these requirements.

### IV.     ANALYSIS

#### A.     Official Capacity Claims / Claims Against Shelby County

Free does not specify whether he sues Bonner in this Defendant's official or individual capacity.  The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592.  "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).

The official capacity claims in Free's complaint are treated as claims against Bonner's employer, Shelby County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Shelby County may be held liable *only* if Plaintiff's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution

of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). Free does not allege that he has been deprived of a right because of a Shelby County policy or custom. That is, he does not attribute to any County policy or custom his "contraction of COVID-19." (ECF No. 1-1 at PageID 4.) Therefore, Free does not state a claim against Shelby County or against Bonner in his official capacity.

### B. Eighth Amendment Claim For Compensatory Damages As To COVID-19 Conditions Of Confinement

Free's allegation of "deliberate indifference" (ECF No. 1 at PageID 2) to "substantial risk of serious harm to my health and safety" (ECF No. 1-1 at PageID 4) is construed under the Eighth Amendment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). Under that constitutional provision, prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter and medical care. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Extreme deprivations are required to make out a conditions of confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, ... only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotations and citations omitted). The Sixth Circuit has explained the law in this jurisdiction as to confinement conditions claims:

> In certain extreme circumstances, the totality itself may amount to an [E]ighth [A]mendment violation, but there still must exist a specific condition on which to base the [E]ighth [A]mendment

5

>claim. We believe such conditions "considered alone or in combination [with other conditions]," must amount to a deprivation of "life's necessities," before a violation of the [E]ighth [A]mendment can be found" … [A] specific deprivation of one or more identifiable human needs must be established in order to prove an Eighth Amendment violation, [and] the plaintiff must show "a culpable state of mind on the part of [the defendant] prison officials.

*Berryman v. Johnson*, No. 88-1239 & 88-1280, 1991 WL 150808, at *9-10 (6th Cir. Aug. 6, 1991) (internal citations omitted). "It is thus settled that Eighth Amendment claims based on prison conditions have both an objective component (denial of … 'the minimal civilized measure of life's necessities'), and a subjective component ('deliberate indifference')." *Id*. at *10 (internal citations omitted.) *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 928. A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). The subjective component requires that jail officials acted with requisite intent -- *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). A prison official must subjectively know of an excessive risk of harm to an inmate's health or safety and disregard that risk. *Farmer*, 511 U.S. at 837.

According to Free, "Sheriff Bonner and the Jail administration … failed to act … [regarding] COVID-19 … unsafe conditions." (ECF No. 1-1 at PageID 4; ECF No. 1 at PageID

2.) The novel coronavirus and the risks attendant upon contracting it are sufficiently serious for purposes of the Eighth Amendment's objective prong. However, Free fails to adequately allege the Eighth Amendment's subjective component.

Free suggests that Bonner was deficient in mitigating COVID-19 risks at SCCJC. (*See* ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) However, this allegation does not demonstrate Bonner's subjective knowledge of a risk in Plaintiff's particular case that Bonner specifically disregarded. For example, Free does not demonstrate that (1) any particular protocols would have prevented him from contracting coronavirus or (2) such measures are/were available at SCCJC during the relevant times. These points are significant, since the Eighth Amendment does not require perfection on the part of prison officials. *See United States v. Cato*, No. 14-315-01, 2020 WL 4193055, at *1 n.1 (E.D. Pa. July 21, 2020) (internal citations omitted). Free contends that "circumstances suggest" Bonner's knowledge of coronavirus risks generally. (*See* ECF No. 1-1 at PageID 4.) Plaintiff's speculation does not show Bonner's "deliberate indifference" to a substantial risk that Plaintiff particularly would suffer serious harm.

For all of these reasons, Free fails to state an Eighth Amendment conditions of confinement claim for relief.

C. **Claim Of Inadequate Grievance Procedure**

Free states there was "no result" to his grievance about COVID-19 risk mitigation efforts. (ECF No. 1 at PageID 2 (Plaintiff's grievance was "unanswered").) He does not allege arbitrary denial of access to the grievance process.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored

7

the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure.").

Even if a grievance system was constitutionally guaranteed, Free has not shown how any particular Defendant's conduct with respect to the grievance process directly affected Plaintiff's "ability to bring his claim before any court." *See Coleman v. Governor of Michigan*, No. 09-1139, 413 F. App'x 866, 874-875 (6th Cir. 2011) (citation omitted). Furthermore, a failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability. *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003).

Free's grievance allegation fails to state a claim for relief under § 1983.

### D. Claims Against Jail Administration

Free states that "Jail administration" knew of COVID-19 risks but did not take appropriate measures to prevent Plaintiff from contracting it. (ECF No. 1-1 at PageID 4.)

Collective liability -- *i.e.,* when claims are brought against persons such as a "staff" -- is not permitted under § 1983. Individual, personal involvement is required. A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. A group of people is not a "person" subject to suit pursuant to § 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019).

Free uses "Jail administration" as a name for alleged defendants, without naming specific administrators. This is inadequate to state a claim against a § 1983 "person," as explained *supra*. Free must identify the specific individuals who were responsible for the conduct he challenges.

### E. Claims Against "Et Al."

8

Free lists "ect. al. [sic]" as a Defendant.  (ECF No. 1 at PageID 2.)  This lack of specificity in Plaintiff's pleading warrants dismissal of his claims against such putative parties.

Federal Rule of Civil Procedure 8(a)(2) sets forth  a liberal pleading standard, *Smith v. City of Salem,* 378 F.3d 566, 576 n. 1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the ... claim is and the grounds upon which it rests,'" *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  It is a basic pleading essential that a plaintiff must attribute factual allegations to particular defendants.  *Id*. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a complaint fails to link a specific defendant to particular misconduct, the complaint is subject to dismissal, even under the liberal constructions afforded to *pro se* complaints.  *See*, *e.g.*, *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).  In order that a plaintiff provide "fair notice" of his claims against putative parties, Rule 8 requires him to identify the defendant(s) whom he feels are responsible for constitutional deprivations.  Generic identifiers such as "others" -- without surname specificity -- are insufficient to link a specific defendant to offending actions.  Such vagaries deprive intended defendants of notice of a plaintiff's claims so as to enable them to offer and prepare a defense.  A person cannot be on notice of a litigant's claims if such person does not, in the first instance, even know they are an intended party to the lawsuit.

Moreover, in order to state a claim for relief under § 1983, Plaintiff must link a named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  *See*  42 U.S.C. § 1983.

9

Plaintiff's use of "ect. al." falls far short of the minimal pleading standards of Fed. R. Civ. P. 8 and the requirements for § 1983 claims.

## V.      AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court finds that Free should be granted an opportunity to amend his complaint, if he chooses to do so.

## VI.     CONCLUSION

For all of the reasons explained above:

(1)     None of the allegations in Free's complaint (ECF No. 1) state a claim for relief under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

(2)     Leave to amend the complaint is **GRANTED**. Any amendment to Plaintiff's claims must be filed within twenty-one (21) days after the date of this order. Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiff fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

(3)     Given that Plaintiff's complaint is dismissed for failure to state a claim to relief, Free's request for appointment of counsel (ECF No. 1 at PageID 3) is **DENIED** as moot, subject to his right to re-submit his request in the future if this case goes forward.

**SO ORDERED**, this 30th day of August, 2021.

*s/ John T. Fowlkes*
JOHN T. FOWLKES
UNITED STATES DISTRICT JUDGE