IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY FREE )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>FLOYD BONNER, )<br>)<br>    Defendant. ) | No. 2:20-cv-2638-JTF-atc |

**ORDER DISMISSING CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE
UNDER 28 U.S.C. § 1915(g)**

On August 20, 2020, *pro se* plaintiff Jeffrey Free filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.)  On August 30, 2021, the Court: (1) dismissed Free's § 1983 complaint without prejudice for failure to state a claim to relief; and (2) granted leave to amend his claims within twenty-one (21) days.  (ECF No. 11.)  Plaintiff's deadline to amend his complaint expired on Monday, September 20, 2021.  Plaintiff did not amend or seek an extension to do so.

On September 28, 2021, the Court entered an order for Plaintiff to show cause, on or before October 11, 2021, why judgment should not be entered in this case.  (ECF No. 12.)  On October 12, 2021, Free filed an untimely response that stated that "the reason I haven't [written] you back is because I can't afford the $400 fee."  (ECF No. 13 at PageID 67.)

On October 14, 2021, the Court ordered Plaintiff to either: (1) amend his § 1983 complaint by October 25, 2021 in accordance with the Court's August 30, 2021 order; or (2) show cause by October 25, 2021 why this case should not be dismissed.  The Court warned Plaintiff that his failure to comply in a timely manner would result in a judgment dismissing this action with

prejudice without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 14 (also explaining the Plaintiff that leave to proceed *in forma pauperis* had been granted on April 6, 2021 (ECF No. 9)).)

Plaintiff has not responded to the Court's October 14, 2021 order, and he has not sought an extension of time to do so.

For this reason, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Court's prior Orders.  (ECF Nos. 11, 12 & 14.)  Judgment will be entered in accordance with those prior Orders.

For § 1915(g) analysis of Plaintiff's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).  *See also* ECF No. 11 at PageID 65 (recommending that any dismissal of this case for Plaintiff's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Plaintiff would not be taken in good faith.  If Plaintiff nevertheless chooses to file a notice of appeal, Plaintiff must either (1) pay the entire $505 appellate filing fee or, if Plaintiff is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Plaintiff's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

**IT IS SO ORDERED**, this 4th day of March, 2021.

      *s/ John T. Fowlkes*  
      JOHN T. FOWLKES  
      UNITED STATES DISTRICT JUDGE